# DAVIS v STATE OF FLORIDA
## Case No. 88-0445-AC(A)02
Fifteenth Judicial Circuit, Palm Beach County
April 19, 1989

### APPEARANCES OF COUNSEL

**Paul M. Herman, Esquire,** Beers and Herman, P.A., for appellant.
Office of the State Attorney, for appellee.

Before CARLISLE, COHEN, MILLER, JJ.

### OPINION OF THE COURT

CARLISLE, J.

The issue in this case is whether there was probable cause to arrest defendant for driving while under the influence of alcohol (DUI). The issue is not whether there was probable cause to stop her for failure to dim headlights.

Deputy Sheriff Hanks testified defendant failed to dim her headlights as he approached. He made a U-turn and followed her. She weaved a little and he pulled her over.

Ms. Davis testified she had her high beams on because she believed the Deputy had his high beams on. She also testified that when he got behind her his headlights were blinding her, which caused her to swerve on the roadway.

Obviously the trial court believed the Deputy's version of the facts. The finding of the trial court is clothed with a presumption of correctness. Certainly there was evidence to support that finding. But in any case, that is not the issue.

The rub comes after the stop. Deputy Hanks testified that when he approached her car window he asked her for her license and registration and he noticed she seemed hesitant and confused, but she did give the officer the license. He testified he suspected she might be impaired. He testified his sole basis for pulling her over was her failure to dim her lights. He did not testify to any other fact indicating impairment, other than the field sobriety test.

In order to require a field sobriety test an officer must have a reasonable founded suspicion of driving DUI, *State v Stephens*, 354 So.2d 1244 (Fla. 4DCA 1978). There is no testimony as to the smell of alcohol, stumbling, fumbling, slurred speech, or any of the usual litany of a DUI case. Failure to dim headlights and driving across the center line do not, standing alone, constitute probable cause for requiring a field sobriety test. Certainly they create a duty to investigate further. Other factors, such as fatigue, distraction, or on-coming headlights can explain this behavior. Deputy Hanks did not notice any physical manifestation of impairment and, consequently, there was no probable cause for requiring the field sobriety test.

The judgment of the trial court is hereby reversed.

DONE AND ORDERED this 19th day of April, 1989, at West Palm Beach, Palm Beach County, Florida.

COHEN, MILLER, JJ., concurring.